Johnson, J.,
delivered the opinion of the Court.
The grounds of the motion will be better understood, by a concise analysis of the facts, out of which they arise. The defendant’s testator, undertook to assist the complainant, Mrs. Rowland, then Mrs. Hamlin, in the settlement of the estate of her deceased husband, E. Hamlin, of which she was administratrix ; and the report of the master ascertains that divers sums, amounting in the whole, to $2,368.75, belonging to that estate, went into his hands. The object of the bill was to obtain an account of the manner in which this sum has been disbursed ; and a satisfactory account of the disbursement of $1,977.44, has been rendered, leaving a balance of $391,31, in his hands, which the master recommends to be paid, with interest from 1st December, 1819, one year after the date of the last disbursement. The questions arising out of this motion, are : 1. Whether the master was correct, in rejecting credits of several items of disbursements of money, amounting to $129.56, which are supported by no other evidence than entries in his books, made by Martindale himself. 2. Whether Martindale was correctly charged with $365, received by him, but of which there is no account in his books. 3. Whether he was chargeable with interest on the balance remaining in his hands, and from what time.
1. As a general rule, there is no question, but that an agent must prove his disbursements by strictly legal evidence. No man of business pays money without evidence of the fact, other than his own knowledge; and the accountability of the agent, renders it *227 still more necessary to him to take and preserve satisfactory vouchers of his payments. With proper attention, it is always in his power to do so, and it ought never to be dispensed with. There may be exceptions to this rule ; as in the case of the Assignees of Keenan v. Administrators of Price, decided at the last sittings in Columbia, where it was held, that the book entries of an agent to retail goods, were admissible as evidence, upon the principle, that the transactions were properly, and necessarily, the subject of book entries. But here there is an additional reason for an adherence to the general rule. The complainants are themselves bound to account for this estate, and to prove the disbursements ; and Martindale’s entries will not avail them for that purpose: and if a loss must be incurred, it is the consequence of his negligence, and he must bear it.
2 Hill’s Cli. 100, note.
T. S. Gkimke, for the motion.
Dunkin, contra.
2. The letters of Mrs. Rowland to Martindale are relied upon, as shewing a settlement of the accounts between them; and that is the ground upon which his counsel seek to discharge him from the item of $365, which he received from her, and of which there is no account. These, jt is true, express what she no doubt felt, great gratitude for his kindness ; but none of them contain any direct reference to a settlement of the accounts : on the contrary, they prove, most incontestibly, that she was ignorant as to their condition. Whatever of difficulty, or mystery, has arisen in this cause, is founded on the supposition, that the death of Martindale has deprived the defence of the necessary evidence to support it; and this, possibly, may be so, but it is no answer to the plain, and unequivocal case, made out on the part of the complainants. That circumstance cannot avail them in the account which they are bound to render of the estate.
3. Martindale had no authority to invest the funds which came into his hands. They were placed there to be disbursed, as the exigencies of the estate might require ; and, of consequence, he was intitled to retain them, until the complainant thought proper to withdraw them. But an account was required of him on the 28th February, 1823, and he neglected to render one; and from that time he ought to be charged with the interest, but not before.
It is, therefore, ordered, and decreed, that the decree of the Circuit Court be reversed ; and that the defendants do pay to the complainants, the sum of $494.56, with interest from the 28th February, 1823 : and that they also pay the costs of suit.

Decree reversed.